

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-88,268-01

### EX PARTE HERMAN DAVIS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W92-43184-V(A) IN THE 292nd DISTRICT COURT
### FROM DALLAS COUNTY

*Per curiam*. KEASLER, J., not participating.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of the offense of aggravated robbery and sentenced to imprisonment for eighty years.

Applicant alleges, among other things, that the hearing officer at his parole revocation hearing improperly denied him appointed counsel, and that he was improperly denied a preliminary parole revocation hearing after requesting such a hearing with his parole officer. The trial court has not entered findings of fact or conclusions of law regarding these issues. However, the State has requested that these two issues be designated for resolution by the habeas court.

As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law in regard to Applicant's claim that the hearing officer at his parole revocation hearing improperly denied him appointed counsel. The trial court shall also make findings of fact and conclusions of law in regard to Applicant's claim that he was improperly denied a preliminary parole revocation hearing after requesting such a hearing with his parole officer. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: April 18, 2018
Do not publish